### Carl M. Koedt, Appellee, v. Theodore Josephsen, Appellant.

### Gen. No. 15,383.

1. DEPOSITIONS—*when objection to insufficiency of notice should be made.* Objection to the insufficiency of the notice upon which the taking of depositions was predicated should be made before the trial by motion to suppress.

2. DEPOSITIONS—*when improper exclusion will not reverse.* Improper exclusion of depositions will not reverse if it appears that the testimony was not so material or important that the Appellate Court can say that its exclusion was harmful to the complaining party.

3. EVIDENCE—*what tends to show value of legal services.* In order to establish the value of legal services rendered, evidence should be introduced tending to show what is the customary charge for the services rendered.

Assumpsit. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

**Statement by the Court.** In assumpsit for services plaintiff had a verdict for $900, remitted $300, had judgment for $600 and costs, and defendant appealed. Niels Josephsen and Thora Josephsen, his wife, who lived in Denmark, made a mutual will by which defendant was given a legacy of 25,000 crowns, about $7,000. Niels Josephsen died in June, 1905. Defendant was not entitled to the legacy until the death of Thora Josephsen, and she had control of the estate during her life. The will was proved in the Probate Court of Copenhagen but that court refused to give the defendant a copy. He made various unsuccessful efforts to obtain a copy of it, and in December, 1905, he stated his case to plaintiff, who had some years before been a vice-consul of Denmark in Chicago. Through the advice and assistance of plaintiff defendant employed counsel in Copenhagen to institute in the Superior Court there a proceeding to compel the Probate Court to give him a copy of the will. In August, 1906, the Superior Court granted the relief sought, but a few days before the order was entered Thora Josephsen died. The recovery was for the services of plaintiff in assisting defendant to obtain a copy of the will.

HOWARD M. HARPEL, for appellant.

JAMES A. PETERSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court. We do not think the judgment should be reversed because of the refusal of the trial court to permit defendant to read the depositions of witnesses taken in Copenhagen. The notice that defendant would apply for a *dedimus* was only served on a clerk in the office of plaintiff's attorney. The *dedimus* was addressed to the Judge of a certain court in Copenhagen or any Judge, Justice, etc., of said city. The depositions appear to have been taken in a proceeding in the Royal Superior Court of Denmark, at Copenhagen, and appear in the transcript of the record of that court certified by the clerk under the seal of the court. It appears from the transcript that Superior Court lawyer Tegner appeared for the defendant and was present when the depositions were taken. If the plaintiff had moved to suppress the depositions before trial the motion must have been allowed. If the objection to the depositions, which was first made at the trial, came too late and for that reason should have been overruled, the judgment should not for that reason be reversed, because the testimony was not so material or important that we can say that its exclusion was harmful to the defendant.

We find no error in the refusal of the court to give certain instructions asked by the defendant.

The remaining contention of the appellant is that the damages are excessive. Plaintiff testified that the customary charge for such services as he rendered was one "eighth of the amount collected on." But the plaintiff was not employed to collect and in fact did not collect the legacy, and his testimony as to the customary charge for collecting legacies forms no proper basis for the assessment of damages in this case. The plaintiff gave a detailed statement of his services; testified that he had twenty-seven interviews with defendant and wrote for him twenty-seven letters, some of

them of great length. But there is no evidence in the record tending to show the value of or the customary charge for such services, nor any evidence which, in our opinion, is sufficient to sustain the judgment for $600.

The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*